UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL No. 21-1696 (DSD/BRT)

Brenda Ann Smith,

        Plaintiff,

v.                                                              **ORDER**

Handy Stop, and Stuart
Johnson,

        Defendants.

    Plaintiff Brenda Smith seeks to proceed in forma pauperis (IFP) in this action against a business and an attorney related to a personal injury lawsuit in state court. Smith alleges that defendant Stuart Johnson defrauded her in litigation relating to a fall she had at the Handy Stop gas station and convenience store. She further alleges that everyone involved in her case has been prejudiced against her due to her race and mental health issues. She seeks $500,000 in damages. Her complaint is before the court for screening pursuant to 28 U.S.C. § 1915(e)(2).

    Although Smith qualifies financially to proceed IFP, her complaint must be dismissed for lack of jurisdiction. An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th

Cir. 1996) (per curiam).  A question of subject-matter jurisdiction may be raised by the court sua sponte at any time.  Lundeen v. Canadian Pacific Ry. Co., 47 F.3d 606, 611 (8th Cir. 2006). Federal district courts are courts of limited jurisdiction.  Exxon Mobile Corp. v. Allapattah Servs. Inc., 545 U.S. 546, 551 (2005). A district court may not exercise jurisdiction absent a statutory basis.  Id.  Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Subject matter jurisdiction (or federal question jurisdiction) exists for any case or controversy arising under the "Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  For a court to have diversity jurisdiction over a dispute based upon 28 U.S.C. § 1332, each plaintiff must be diverse from, or have a different citizenship than, each defendant.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).

   Smith alleges that on September 21, 2018, she slipped and fell at the Handy Stop store in Lake Elmo, Minnesota.  Compl. at 2, 4.  She claims that the employees of the store refused to call an ambulance or help her, so she was forced to lay on the ground in pain until a bystander helped her to her vehicle and her ex-boyfriend arrived to drive her to the hospital.  Id. at 4-6.  She claims that the employees (whom she alleges were a different nationality) treated her worse than she had ever been treated in

2

her life.  Id. at 5.  She further alleges that defendant Stuart Johnson, an attorney,[1] has committed fraud against her related to her personal injury case.  She claims that Johnson, another attorney, and members of the state judiciary have mishandled her case from the outset and have prevented her from actively participating in the matter.  She argues that she has been treated poorly by these parties because of her race and mental health.  She also alleges that these parties have somehow obtained her medical records or billing information without permission, and that they continue to prevent her from participating in her pending case.

In her complaint, Smith checked the box for federal question jurisdiction and she wrote that she raised claims of "racism, prejudice, [and] HIPPA."  Id. at 3.  These three terms do not properly invoke federal question jurisdiction.  As to the terms racism and prejudice, there are certain federal statutes and constitutional provisions that rely on these theories, such as employment discrimination claims, but the use of the bare terms alone is not enough to establish federal jurisdiction.  Smith's factual allegations do not make it clear what source of federal law she intends to rely on.  She alleges that the employees at the

---

[1] It is not entirely clear what Johnson's involvement is in this case, but it appears that he may be defense counsel for Handy Stop.

3

Handy Stop store were racist because she believed they were a different race than her and they failed to render aid when she fell, but nothing about this factual allegation ties her case to federal law. Additionally, she argues that Johnson and other members of the state judiciary involved with her personal injury case have exhibited racism towards her – but, again, she does not tie this allegation to federal law. Thus, Smith has failed to establish federal jurisdiction with her bare assertions of racism and prejudice.

As for Smith's statement that she relies on "HIPPA," the court assumes she is referencing the Health Insurance Portability and Accountability Act ("HIPPA"), 42 U.S.C. § 1320d-1 to -9. Although HIPPA is a federal statute, the statute does not create a private cause of action. See, e.g., Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010). This means that Smith, a private citizen, cannot use HIPPA to bring a claim in federal court.

Aside from her written assertions about a source of subject matter jurisdiction, Smith also checked numerous boxes on her civil cover sheet. ECF No. 1-2, at 1. She checked the boxes for: an insurance dispute; to enforce a judgment; for personal injury and/or product liability; for healthcare/pharmaceutical torts; for civil rights; and for the Americans with Disabilities Act. Id. Although all of these theories of relief theoretically could be tied to facts and claims that rely on federal law, Smith has not

4

explained how she specifically has federal claims under any of these theories. The court construes pro se complaints broadly, but it is not required to assume facts or theories that a plaintiff did not plead, even if doing so would make a stronger case. See Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004). Here, the court will not imagine what federal laws might apply to Smith's situation because she has not clearly identified any on the face of her complaint.

Because none of the theories identified by Smith as the basis for this lawsuit provide adequate ties to federal law, Smith has failed to establish that the court has subject matter jurisdiction. Additionally, Smith did not indicate that she relies on diversity jurisdiction, and she likely cannot do so because she indicated that all parties are located in Minnesota.[2] Thus, having carefully reviewed the complaint, the court finds that there is no basis for

---

[2] Smith technically wrote that all parties are citizens of the United States, but what matters for jurisdictional purposes is: the state of legal citizenship for an individual or unincorporated entity; the place of incorporation or state of the corporation's principal place of business for a corporation; or, the citizenship of each member for a limited liability corporation. See e.g. Eckerberg v. Inter-State Studio & Publishing Co., 860 F.3d 1079, 1085-86 (8th Cir. 2017) (defining individual citizenship); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (defining corporation and LLC citizenship). It is impossible to tell from the complaint what the citizenship of Handy Stop is because Smith has not indicated if it is unincorporated, a corporation, an LLC, or another type of entity, but she did provide a Minnesota address for the business.

federal jurisdiction.  Smith's complaint must be dismissed without prejudice and her application to proceed IFP denied as moot.

Accordingly, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED that:**

1. The complaint [ECF No. 1] is dismissed without prejudice; and

2. The application to proceed in forma pauperis [ECF No. 2] is denied as moot

.

Dated: August 9, 2021        /s David S. Doty
                             David S. Doty, Judge
                             United States District Court